**U.S. DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **SENECA INSURANCE COMPANY, INC.,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) **CIVIL ACTION NO.:**<br>) **3:23 – CV- \_\_\_\_**<br>) |
| **REAL ESTATE HOLDINGS, LLC, FAIRFIELD COUNTY BANK, DONALD BOYCE, ELIZABETH BOYCE, HOME SPEC, LLC, CONNECTICUT BASEMENT SYSTEMS RADON, INC., WAYNE DIMM ENTERPRISES, INC., and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | |

## COMPLAINT FOR DECLARATORY RELIEF

### I. INTRODUCTION

1. This is an action for relief under the Federal Declaratory Judgment Act, 28 U.S.C.A § 2201 et seq., to determine the parties' rights, obligations, and liabilities under a general liability insurance policy issued to the Real Estate Holdings, LLC ("RE Holdings") by Seneca Insurance Company, Inc. ("Seneca"). By way of this action, Seneca seeks a declaration that it does not owe coverage for a pending lawsuit that Donald Boyce and Elizabeth Boyce have brought against RE Holdings, Fairfield County Bank ("FCB") and other defendants for damages that they claim to have sustained arising out of a contract for the purchase of real property located at 36 Silver Hill Road, Easton, Connecticut.

### II. THE PARTIES

2. Seneca is an insurance company incorporated in the State of New York with a principal place of business in New York, New York.

1

101360315

3. RE Holdings is a Connecticut limited liability company with a principal place of business at 94 Danbury Road, Ridgefield, Connecticut.

4. FCB is a Connecticut bank with a principal place of business at 150 Danbury Road, Ridgefield, Connecticut.

5. Donald Boyce is a Connecticut individual who resides at 36 Silver Hill Road, Easton, Connecticut.

6. Elizabeth Boyce is a Connecticut individual who resides at 36 Silver Hill Road, Easton, Connecticut.

7. Home Spec, LLC ("Home Spec") is a Connecticut limited liability company with a principal place of business at 43 Crest Road, Ridgefield, Connecticut.

8. Connecticut Basement Systems Radon, Inc. ("CBSR") is a Connecticut corporation with a principal place of business at 25 Sherman Street, Stratford, Connecticut.

9. Wayne Dimm Enterprises, Inc. ("Wayne Dimm") is a Connecticut corporation with a principal place of business at 239 Farmingville Road, Ridgefield, Connecticut.

10. Travelers Casualty and Surety Company of America ("Travelers") is a Connecticut insurance company with a principal place of business at One Tower Square, Hartford, Connecticut.

### III. JURISDICTION AND VENUE

11. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 et seq. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is a complete diversity of citizenship among the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

101360315

12. Venue is proper in this judicial district because the underlying acts and occurrences took place here and because the Seneca insurance policy that is at issue in this case was issued in Connecticut.

### IV.  STATEMENT OF THE CLAIM

13. On or about November 20, 2019, Donald Boyce and Elizabeth Boyce [collectively, "the Boyces"] filed suit in Superior Court of Connecticut, Judicial District of Fairfield at Bridgeport damages from RE Holdings, FCB, Home Spec, CBSR and Wayne Dimm. (hereinafter "the Underlying Action").

14. A true and accurate copy of the operative Amended Complaint in the Underlying Action is attached hereto as **Exhibit A**.

15. In the Underlying Action, the Boyces' allegations include the following:

a. On or about September 7, 2017, the Boyces entered into a contract ("Real Estate Contract") with RE Holdings to purchase the real property located at 36 Silver Hill Road, Easton, Connecticut ("the Property").

b. The Boyces allege that RE Holdings failed perform obligations under the Real Estate Contract by failing to ensure that certain tests and repairs were performed in a good workmanlike manner prior to the closing of the Real Estate Contract, including: inspection and repairs to the radon system; providing written test results showing radon levels below 4.0 pCi/L; professionally cleaning the roof; and, professionally oiling the roof.

c. Within Count One of their Complaint, the Boyces allege that RE Holdings breached its obligations under the Real Estate Contract.

d.     Within Count Two of their Complaint, the Boyces allege that that the conduct of RE Holdings constituted a breach of the covenant of good faith and fair dealing. The allegations of Count Two include the Boyces' claim that RE Holdings acted in bad faith.

e.     Within Count Six of their Complaint, the Boyces allege that RE Holdings and FCB knowingly made false representations.

f.     Within Count Seven of their Complaint, the Boyces allege that all defendants in engaged in a civil conspiracy by conspiring and agreeing to knowingly make misrepresentations to the Boyces in an attempt to commit fraud against the Boyces.

g.     Within Count Eight of their Complaint, the Boyces allege that all defendants violated the Connecticut Unfair Trade Practices Act ("CUTPA").  The allegations of Count Eight include the Boyces' claim that the defendants made knowingly fraudulent statements.  The allegations of Count Eight include the Boyces' claim that they paid for the carrying costs of 36 Silver Hill Road, Easton, Connecticut while they resided in a different residence during the period that the Property's defects were repaired and/or remediated.

h.     Within Count Nine of their Complaint, the Boyces allege that RE Holdings and FCB made innocent misrepresentations.

i.     Within Count Ten of their Complaint, the Boyces allege that RE Holdings and FCB made negligent misrepresentations.

j.     Within Count Eleven of their Complaint, the Boyces allege that all defendants negligently inflicted emotional distress upon the Boyces.  The allegations of Count Eleven do not include any claim of bodily injuries that were sustained by the Boyces.

101360315

    k.    Within Count Thirteen of their Complaint, the Boyces assert a claim to pierce the corporate veil of FCB on the alleged basis that FCB had complete domination over RE Holdings, which was used by FCB to commit fraud and/or other improper conduct.

16.    From May 5, 2017 to May 5, 2018, RE Holdings was insured by Seneca under a commercial general liability policy (Policy No. CMP0603675) (hereinafter "the Policy").

17.    A true and accurate copy of the Policy is attached hereto as **Exhibit B.**

18.    The Policy states, it part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

\*    \*    \*    \*    \*

**SECTION I — COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.    Insuring Agreement

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages' for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\*    \*    \*    \*    \*

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

101360315

  **(2)**  The "bodily injury" or "property damage" occurs during the policy period;

* * * * *

**2.**  **Exclusions**

This insurance does not apply to:

* * * * *

  **a.**  **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

  **b.**  **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

  **(1)**  That the insured would have in the absence of the contract or agreement; or

  **(2)**  Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

    **(a)**  Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

    **(b)**  Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

* * * * *

    **j.**    **Damage To Property**

"Property damage" to:

**(2)**    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

\*   \*   \*   \*   \*

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

\*   \*   \*   \*   \*

**(5)**    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)**    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\*   \*   \*   \*   \*

**SECTION V – DEFINITIONS**

    **3.**    **"**Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*   \*   \*   \*   \*

    **9.**    "Insured contract" means:

**a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

**b.** A sidetrack agreement;

**c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

7

>**d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
>
>**e.** An elevator maintenance agreement;
>
>**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

* * * * *

**TOTAL POLLUTION EXCLUSION WITH A BUILDING HEATING, COOLING AND DEHUMIDIFYING EQUIPMENT EXCEPTION AND A HOSTILE FIRE EXCEPTION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

Exclusion **f.** under Paragraph **2. Exclusions** of **Section I — Coverage A — Bodily Injury And Property Damage Liability** is replaced by the following:

This insurance does not apply to:

>**f. Pollution**
>>**(1)** "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

* * * * *

19.     Seneca, upon receiving notice of the Underlying Action, acknowledged the claim and issued a reservation of rights to RE Holdings and FCB.

20.     Seneca is presently providing a defense to both RE Holdings and FCB in the Underlying Action pursuant to a reservation of rights.

101360315

21.	At all relevant times, Travelers provided coverage to FCB under a separate policy of insurance.

22.	Travelers is presently providing a defense to both RE Holdings and FCB in the Underlying Action pursuant to a reservation of rights.

23.	Travelers is named as a potentially interested party in this Complaint for Declaratory Relief.

24.	A controversy has arisen between Seneca and RE Holdings and FCB, which poses an issue for judicial determination involving substantial rights of the parties related to Seneca's obligations to defend and indemnify RE Holdings and FCB.

## V.  CLAIMS FOR DECLARATORY RELIEF

### COUNT ONE (Duty to Defend)

1. – 24.	Seneca, realleges and incorporates by reference the allegations contained in Paragraphs 1 - 24 of its Complaint as if fully set forth herein.

25.	By virtue of coverage being limited to "bodily injury" and "property damage" coverage is not available under the Policy for claims presented by the Boyces relating to alleged emotional distress.

26.	By virtue of Exclusion 2.a., coverage is not available under the Policy for claims presented by the Boyces relating to allegations of intentional conduct, bad faith, fraud and misrepresentations.

27.	By virtue of Exclusion 2.b., coverage is not available under the Policy for claims presented by the Boyces arising out the Real Estate Contract.

28.	By virtue of Exclusion 2.j.2., coverage is not available under the Policy for claims presented by the Boyces arising out of RE Holdings and/or FCB having sold the Property to the Boyces.

101360315

29. By virtue of Exclusion 2.j.5. coverage is not available under the Policy for claims presented by the Boyces arising out of that particular part of the Property on which RE Holdings and/or FCB or any contractors or subcontractors working directly or indirectly on behalf RE Holdings and/or FCB performed operations.

30. By virtue of Exclusion 2.j.5. coverage is not available under the Policy for claims presented by the Boyces arising out that particular part of the Property that must be restored, repaired or replaced because "[their] work" was incorrectly performed on it.

31. By virtue of the Total Pollution Exclusion, coverage is not available under the Policy for claims presented by the Boyces arising out of "bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

32. Seneca is entitled to a declaration that it has no duty or obligation to defend RE Holdings in connection with any claims to which the Policy does not apply and/or claims for which there is no coverage under the Policy.

33. Seneca is entitled to a declaration that it has no duty or obligation to defend FCB in connection with any claims to which the Policy does not apply and/or claims for which there is no coverage under the Policy.

34. No other method of relief is available to resolve this controversy.

35. A declaratory judgment will terminate this controversy.

### COUNT TWO (Duty to Indemnify)

1. – 31. Seneca, realleges and incorporates by reference the allegations contained in Paragraphs 1 - 31 of Count One as if fully set forth herein.

101360315

32. Seneca is entitled to a declaration that it has no duty or obligation to indemnify RE Holdings in connection with any claims to which the Policy does not apply and/or claims for which there is no coverage under the Policy.

33. Seneca is entitled to a declaration that it has no duty or obligation to indemnify FCB in connection with any claims to which the Policy does not apply and/or claims for which there is no coverage under the Policy.

34. No other method of relief is available to resolve this controversy.

35. A declaratory judgment will terminate this controversy.

### **PRAYERS FOR RELIEF**

**WHEREFORE**, the Plaintiff, Seneca Insurance Company, Inc. respectfully requests that this Honorable Court declare and adjudicate the rights, duties, and responsibilities of the parties under the terms and provisions of the Policy, and issue a judicial declaration that the Plaintiff, Seneca Insurance Company, Inc., has no duty to defend or indemnify either Real Estate Holdings, LLC or Fairfield County Bank in connection with the Underlying Action, together which such further relief that this Court deems just and proper.

                PLAINTIFF,
                SENECA INSURANCE COMPANY, INC.

By: */s/ Joseph R. Ciollo*
     Joseph R. Ciollo
     Federal Bar No. ct29719
     **MORRISON MAHONEY LLP**
     One Constitution Plaza, 10th Floor
     Hartford, CT  06103
     Tel: (860) 616-7648
     Fax: (860)541-4879
     jciollo@morrisonmahoney.com

Dated:   September 1, 2022

101360315